1
2
3
4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL TORRESCANO,<br><br>               Plaintiff,<br><br>v.<br><br>MARCUS GOODWATER; CITY OF WALLA WALLA; MICHELLE MORALES, WALLA WALLA COUNTY; JOHN/JANE DOE agents of CITY OF WALLA WALLA; and JOHN/JANE DOE agents of WALLA WALLA COUNTY,<br><br>               Defendants. | NO. 4:22-CV-5049-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Joint Motion to Dismiss Pursuant to Rule 12(b)(6). ECF No. 22. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Joint Motion to Dismiss (ECF No. 22) is **GRANTED**.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

## BACKGROUND

This case arises out of events occurring during an investigation and prosecution of Anthony Haworth for Rape in the Third-Degree – Domestic Violence, Indecent Liberties – Domestic Violence, Incest in the First Degree – Domestic Violence, and Voyeurism – Domestic Violence. Plaintiff, Michael Torrescano was one of the witnesses who was interviewed, deposed and whose cellphone was searched.

On June 14, 2018, Det. Goodwater and Morales interviewed Torrescano. During the interview, Torrescano gave Det. Goodwater his cellphone to review messages exchanged between Torrescano and A.S. It was discovered later that some of the messages between Torrescano and A.S. had been deleted from Torrescano's cellphone. On August 1, 2018, a search warrant was issued for Torrescano's cellphone.

On July 28, 2020, Plaintiff filed a Complaint in the United States District Court for the Southern District of California. ECF No. 1. Plaintiff named as Defendants Marcus Goodwater, the City of Walla Walla, Michelle Morales, Walla Walla County, and John and Jane Does. No allegations are made against the John and Jane Doe defendants. The Complaint alleges five causes of action, including (1) violations under 42 U.S.C. § 1983 against Goodwater and Morales; (2) violations under 42 U.S.C. § 1983 against Walla Walla County and the City of

Walla Walla; (3) invasion of privacy against all Defendants; (4) intentional infliction of emotional distress against all Defendants; and (5) negligence against all Defendants. *Id.*

The case was then transferred from Southern California to this Court on April 6, 2022.

This Court has extensive familiarity with the parties and parallel claims made by Anthony Haworth in his civil action for damages. See *Anthony Haworth v. Walla Walla, et al.*, 4:19-CV-5254-TOR.

## DISCUSSION

**A. Motion to Dismiss for Failure to State a Claim**

Defendants move to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the

elements." *Twombly*, 550 U.S. at 555.  While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

When analyzing whether a claim has been stated, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (*citing Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled.  The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court may also disregard conclusory allegations and arguments which are not supported

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4

by reasonable deductions and inferences. *Id*.

The Court "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 662. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (citation omitted). A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

**B. Section 1983 Claim: Defendants Morales and Goodwater**

Defendant Morales contends she is immune from suit under the doctrine of absolute prosecutorial immunity.

"State prosecutors are absolutely immune from § 1983 actions when performing functions 'intimately associated with the judicial phase of the criminal process.'" *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Functions for which absolute prosecutorial immunity have been granted include the lawyerly functions of organizing and analyzing evidence and law, and then presenting evidence and analysis to the courts and grand juries on behalf of the government; they also include internal decisions and processes that determine how those functions will be carried out." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 913 (9th Cir. 2012). As the

*Lacey* court explained:

> Prosecutors are absolutely immune from liability for the consequences of their advocacy, however inept or malicious, because it is filtered through a neutral and detached judicial body; they are not necessarily immune for actions taken outside this process, including actions logically – though not necessarily temporally – prior to advocacy, such as those 'normally performed by a detective or police officer,' like gathering evidence… and those separate from the process, like providing legal advice to the police.

*Id.* at 912 (internal citations omitted).

"[A]bsolute immunity is an extreme remedy, and it is justified only where 'any lesser degree of immunity could impair the judicial process itself.'" *Id.* (quoting *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)). "Immunity attaches to 'the nature of the function performed, not the identity of the actor who performed it.'" *Id.* at 912 (quoting *Kalina*, 522 U.S. at 127). This functional approach means that some of a prosecutor's actions may be entitled to absolute immunity, while other actions taken in the course of the same investigation may not be entitled to absolute immunity, even if "all of plaintiffs' claims are predicated on the same constitutional violation." *Torres v. Goddard*, 793 F.3d 1046, 1056 (9th Cir. 2015).

A thorough review of the Complaint shows that Plaintiff has not alleged any constitutional violation by Defendant Morales. Therefore, Defendant Morales is entitled to absolute immunity.

Defendant Goodwater contends he is immune from suit under the doctrine of qualified immunity.

Qualified immunity shields government actors from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Generally, the defendant has the burden of pleading and proving this affirmative defense. *Frudden v. Pilling*, 877 F.3d 821, 831 (9th Cir. 2017). *But see LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000) ("[P]laintiff bears the burden of showing that the rights allegedly violated were 'clearly established.'").

In evaluating a state actor's assertion of qualified immunity, the Court must determine: (1) whether the facts, viewed in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right; and (2) whether the right was clearly established at the time of the alleged violation such that a reasonable person in the defendant's position would have understood that his actions violated that right. *See Saucier v. Katz*, 533 U.S. 194, 201-02 (2001) (*overruled in part by Pearson,* 555 U.S. at 227) (holding that courts may exercise sound discretion in deciding which of the two prongs should be addressed first). If the answer to either inquiry is "no," then the defendant is entitled to qualified immunity and may not be held personally liable. *Glenn v. Washington Cty.*, 673 F.3d 864, 870 (9th Cir. 2011) (citing *Pearson*, 555 U.S. at 236).

1 	The second prong of the *Saucier* analysis must be "undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015). Thus, "officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue." *Id.* at 1153; *see Sharp v. Cty. of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (Plaintiff "must point to prior case law that articulates a constitutional rule specific enough to alert *these* deputies *in this case* that *their particular conduct* was unlawful."). Such precedent "must be 'controlling' – from the Ninth Circuit or Supreme Court – or otherwise be embraced by a 'consensus' of courts outside the relevant jurisdiction." *Sharp*, 871 F.3d at 911 (quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999)).

	A thorough review of the Complaint shows that Plaintiff has not alleged any constitutional violation by Defendant Goodwater outside his role as a state investigator. Defendant Goodwater's dealings with Plaintiff did not violate any clearly established right. Obtaining the search warrant for Plaintiff's cellphone was approved by a superior court judge and suppression of the search was denied by the state courts. While Plaintiff contends false information was provided, he has not identified any materially false evidence. Therefore, Defendant Goodwater is entitled to qualified immunity. These claims against both Goodwater and Morales are dismissed.

**C. Section 1983 Claim: Defendants Walla Walla County and the City of Walla Walla**

Defendants argue that Defendants Walla Walla County and the City of Walla Walla should be dismissed because Plaintiff cannot establish the requisite causal connection together with a viable constitutional deprivation.

"In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct." *Shearer v. Tacoma Sch. Dist. No. 10*, 942 F. Supp. 2d 1120, 1135 (W.D. Wash. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). As such, a policy, practice or custom can be established in three ways: (1) an employee acts pursuant to an expressly adopted official policy, (2) an employee acts pursuant to a longstanding practice or custom, or (3) an employee acts as a final policymaker. *Lytle v. Carl*, 382 F.3d 978, 982-83 (9th Cir. 2004).

However, without a constitutional injury, *Monell* liability is unavailable. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Fidge v. Lake Cty. Sheriff's Dep't*, 683 F. App'x 605, 606 (9th Cir. 2017). Even if Plaintiff had a viable constitutional injury, Plaintiff's *Monell* claims also fail because he has not identified any actions taken pursuant to established policy, practice, custom, or

final policymaker action of Walla Walla County or the City. Accordingly, this claim is dismissed.

### D. Invasion of Privacy: all Defendants

Plaintiff contends his California privacy rights were violated by the execution of a search warrant on his cellphone. ECF No. 1 at 29. The trial court issued a warrant for the seizure of Plaintiff's cellphone. Defendants were therefore allowed to seize and inspect his cellphone. While Plaintiff claims the Defendants "executed an illegal search warrant under false pretenses" he provides no facts supporting these assertions. The warrant was upheld by the trial court. This claim is dismissed.

### E. Intentional Infliction of Emotional Distress: all Defendants

Plaintiff contends that Defendants intentionally inflicted emotional distress under California law. ECF No. 1 at 30. The elements of a California intentional infliction of emotional distress claim are (1) extreme and outrageous conduct with the intent to cause, or with reckless disregard for the probability of causing, emotional distress; (2) the plaintiff suffers extreme or severe emotional distress; and (3) the defendant's extreme and outrageous conduct was the actual and proximate cause of the plaintiff's extreme or severe emotional distress. *So v. Shin*, 212 Cal.App.4th 652, 671, 151 Cal.Rptr, 3d 257 (2013). "Outrageous conduct

conduct that is intentional or reckless and so extreme as to exceed all bounds of decency in a civilized community". *Id.*

All of the alleged conduct falls far below conduct "so extreme as to exceed all bounds of decency in a civilized community". This claim is dismissed.

**F. Negligence: all Defendants**

Plaintiff contends that Defendants were negligent under California law. ECF No. 1 at 30-31.

According to California law, "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Gov.Code, § 815.2, subd. (b). "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Gov.Code § 821.6. Because investigation is "an essential step" toward the institution of formal proceedings, it "is also cloaked with immunity." *Amylou R. v. Cnty. of Riverside*, 28 Cal. App. 4th 1205, 1210, 34 Cal. Rptr. 2d 319, 321 (1994). This immunity would also apply to the invasion of privacy and intentional infliction of emotional distress claims as well.

This claim is dismissed.

### G. OPPORTUNITY TO AMEND

As a general rule, leave to amend should be "freely given when justice so requires." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). We consider four factors when reviewing a decision whether to permit an amendment: (1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (citation omitted).

Plaintiff does not seek leave to amend his Complaint. ECF Nos. 23, 24. The Court finds that it is absolutely clear that no amendment will cure the deficiencies in Plaintiff's Complaint. Therefore, the Court dismisses Plaintiff's Complaint with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Joint Motion to Dismiss Pursuant to Rule 12(b)(6), ECF No. 22, is **GRANTED**. All claims are dismissed with prejudice.

2. All remaining hearings, deadlines, and trial are **VACATED**.

The District Court Executive is directed to enter this Order, enter Judgment accordingly, furnish copies to counsel and **CLOSE** the file.

DATED November 8, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 12