UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL TORRESCANO,<br><br>            Plaintiff,<br><br>   v.<br><br>MARCUS GOODWATER; CITY OF WALLA WALLA; MICHELLE MORALES, WALLA WALLA COUNTY; JOHN/JANE DOE agents of CITY OF WALLA WALLA; and JOHN/JANE DOE agents of WALLA WALLA COUNTY,<br><br>            Defendants. | NO. 4:22-CV-5049-TOR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration. ECF No. 30. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion for Reconsideration is denied.

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

A court may alter or amend a judgment if the motion seeking such relief is filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Motions for reconsideration are generally disfavored. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.* at 1263. In ruling on a Rule 59(e) motion, the court has "considerable discretion." *Turner v. Burlington N. Santa Fe. R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Plaintiff, in particular, objects to the dismissal of all state law claims with prejudice pursuant to California statues regarding immunity. ECF No. 30 at 2.

First, the Court dismissed Plaintiff's privacy claim because:

> Plaintiff contends his California privacy rights were violated by the execution of a search warrant on his cellphone. ECF No. 1 at 29. The trial court issued a warrant for the seizure of Plaintiff's cellphone. Defendants were therefore allowed to seize and inspect his cellphone. While Plaintiff claims the Defendants "executed an illegal search warrant under false pretenses" he provides no facts supporting these assertions. The warrant was upheld by the trial court. This claim is dismissed.

ECF No. 28 at 10. Plaintiff has not properly plead a claim for privacy with sufficient facts. Plaintiff never argued that Washington law applied. Only later did

ORDER DENYING MOTION FOR RECONSIDERATION ~ 2

1  the Court alternatively indicate that California's immunity statute also provides a
2  basis to dismiss this claim.  Plaintiff provides no facts to support his assertion that
3  Defendants executed an illegal search warrant under false pretenses.  This claim
4  was properly dismissed.

5       Next, the Court dismissed the intentional infliction of emotional distress
6  claim because all the alleged conduct fell far below conduct "so extreme as to
7  exceed all bounds of decency in a civilized community".  ECF No. 28 at 11.
8  Plaintiff did not plead sufficient facts to support this claim under the law.  Only
9  later did the Court alternatively indicate that California's immunity statute also
10 provides a basis to dismiss this claim.  This claim was also properly dismissed.

11      Plaintiff's final state law claim was for negligence under California law.
12 ECF No. 28 at 11.  Plaintiff now contends that Washington substantive law applies
13 because the California District Court held so, even though Plaintiff's complaint
14 clearly alleges California law applies.  See ECF No. 30 at 4 n.2.  Plaintiff never
15 previously plead in his complaint that Washington law applied.  Additionally, the
16 California District Court never so held.  The California District Court only
17 observed, while discussing transferring venue, that:

18      [T]he Complaint asserts causes of action based on California
        State law: (1) Invasion of Privacy; (2) Intentional Infliction of
19      Emotional Distress; and (3) Negligence. . . . . Because this case
        appears to involve California and Washington law, this factor is
20      neutral regarding transfer.

ORDER DENYING MOTION FOR RECONSIDERATION ~ 3

ECF No. 8-1 at 17.

In any event, Plaintiff's negligence action is based on the use of a search warrant to obtain Plaintiff's cell phone and the taking of his deposition. Both those actions are allowed under the law and Plaintiff has not established a breach of a duty owed which would support his negligence claim. This claim was properly dismissed.

The Court finds it did not commit clear error nor make a manifestly unjust decision. Absent any other highly unusual circumstances, the motion to reconsider is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Reconsideration, ECF No. 30, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED January 9, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION ~ 4